IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DIANE CHESHIER,                      §
                                     §
         Plaintiff,                  §
                                     §
VS.                                  §    Civil Action No. 3:17-CV-1688-D
                                     §
HOME DEPOT U.S.A., INC.,             §
                                     §
         Defendant.                  §

MEMORANDUM OPINION
AND ORDER

Defendant Home Depot U.S.A., Inc.'s ("Home Depot's") July 18, 2017 motion for summary judgment—to which plaintiff Diane Cheshier ("Cheshier") has not responded—is granted, and this action is dismissed with prejudice by judgment filed today.[1]

This is a removed action by Cheshier against Home Depot arising out of an incident at a Home Depot store located on West Wheatland Road in Dallas. Cheshier alleges that she tripped over lumber on a cart. She seeks to recover for personal injuries and related relief. Home Depot moves for summary judgment. Cheshier has not responded to the motion.

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claims. *See Celotex Corp. v. Catrett*,

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

Home Depot has pointed in its motion to the absence of evidence to support Cheshier's claims. *See, e.g.,* D. Br. 2-4. The burden has therefore shifted to Cheshier to present evidence that creates a genuine issue of material fact. Cheshier has not responded to Home Depot's motion.[2] Although her failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute

---

[2]Cheshier's response was due August 15, 2017. Home Depot filed its motion on July 18, 2017. The court on July 19, 2017 ordered Home Depot to file separate tables of contents and authorities that were not included in its brief, as the local civil rules require. The court in its order stated that Cheshier's response was "not due until 21 days after defendant files the separate document containing the tables of contents and authorities." July 19, 2017 Order at 2. Home Depot filed the required separate document containing tables of contents and authorities on July 25, 2017, making Cheshier's response due by August 15, 2017.

summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because Home Depot has pointed to the absence of evidence to support Cheshier's claims and she has not produced evidence in response to the motion, Home Depot is entitled to summary judgment dismissing Cheshier's action with prejudice.

\* \* \*

Accordingly, Home Depot's July 18, 2017 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

August 28, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE